**FILED**

APR 18 2008

APR 1 8 2008 *aew*

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

AO 243 (Rev. 5/85)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District NORTHERN DISTRICT OF ILLINOIS | |
|---|---|---|
| Name of Movant ARIS SANTIAGO | Prisoner No. 18854-424 | Case No. 06-CR-519-1 |
| Place of Confinement UNITED STATES PENITENTIARY MARION | | |

<table>
<tr><td>UNITED STATES OF AMERICA</td><td>V.</td><td>ARIS SANTIAGO<br>(name under which convicted)</td></tr>
</table>

## MOTION

1. Name and location of court which entered the judgment of conviction under attack ___NORTHERN DISTRICT___

   OF ILLINOIS, CHICAGO, IL.

2. Date of judgment of conviction _____

3. Length of sentence _____ 96 months

4. Nature of offense involved (all counts) ___"Felon in possession of a firearm"___

   18 U.S.C. 922 (g)(1)    Count 1.

**08CV2236**
**JUDGE LEFKOW**
**MAG. JUDGE VALDEZ**

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☑
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   _____

   _____

   _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court __UNITED STATES COURT OF APPEALS FOR THE 7th CIRCUT__

(b) Result ___Conviction Affirmed/Appeal Dismissed___

(c) Date of result ___10-11-07___

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court _____

(2) Nature of proceeding _____

_____

(3) Grounds raised_____

_____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result_____

(6) Date of result _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

_____

(3) Grounds raised_____

_____

_____

_____

_____

AO 243 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result_____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.        Yes ☐ No ☐
(2) Second petition, etc.       Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Movant's conviction of "Felon in possession of a firearm" by a convicted felon was obtained in violation of his Second amendment right to possess firearms.

Supporting FACTS (state *briefly* without citing cases or law)

18 U.S.C.922(g)(1) is in direct violation of the Second

Amendment "Right of the People to keep and bear arms".

See Pgs.2-3 in movant's Breif for supporting facts.

B. Ground two: Movant's sentence was rendered in violation of His Sixth Amendment rights to the effective assistance of counsel for failure to object to violation of 5th Amend violation

Supporting FACTS (state *briefly* without citing cases or law):

Court erroneously implimented a 4 point additure in violation

of movant's fifth amendment rights without an objection from

Court appointed counsel. See Pgs. 4-8 in Movants Breif

for supporting facts.

C. Ground three: Movant's Appealant counsel was ineffective in Violation of his Sixth Amendment rights (On Direct Appeal)

Supporting FACTS (state *briefly* without citing cases or law): Counsel assured movant

He would raise pertinent issues that movant had and in turn

filed "Ander's Breif" unbeknownst to movant failing to

raise issues he assured movant he would. See Pgs.9-12 in

Movant's Breif for supporting facts.

AO 243 (Rev. 5/85)

_____

_____

D.  Ground four: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

        Grounds 1-3 for ineffective assisteance of Counsel.

_____

_____

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing _____

    _____

    (b) At arraignment and plea ____ Paul Camarena, ESQ.

    _____ 333 W.North,No.150

    (c) At trial _____ Chicago,IL.60610

    _____

    (d) At sentencing _____ - Same -

    _____

AO 243 (Rev. 5/85)

(e) On appeal ____ –Same– _____

_____

(f) In any post-conviction proceeding _____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
    Yes ☐ No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐ No ☐

    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

    _____

    (b) Give date and length of the above sentence: _____

    _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

                    ARIS SANTIAGO /Pro se
                    _____
                    Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

4-11-08
_____
    (date)

                    _____
                    Signature of Movant

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

**FILED** 🦅

APR 1 8 2008

| | |
|---|---|
| ARIS SANTIAGO<br>Movant | ( <br> ( <br> ( <br> ( |
| v. | ( <br> ( <br> ( |
| THE UNITED STATES OF AMERICA<br>Respondant | ( <br> ( |

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

Case No. 06-CR-519-1    **APR 1 8 2008**

**08CV2236**
**JUDGE LEFKOW**
**MAG. JUDGE VALDEZ**

---

MOVANT'S OPENING BRIEF IN SUPPORT OF
28 U.S.C. Section 2255

---

The Movant, ARIS SANTIAGO, acting pro se, Presents as
follows **in support** of this Honorable Court **granting** the
relief sought in the 28 U.S.C. section 2255 Motion.

<u>Jurisdiction of the Court</u>

This Court has Jurisdiction under 28 U.S.C. section 2255
and title 28 U.S.C. section 1331.

## ISSUES PRESENTED

ISSUE I. MOVANT'S CONVICTION OF "FELON IN POSSESSION OF A FIRARM" 18 U.S.C.922(g)(1) WAS OBTAINED IN VIOLATION OF THE SECOND AMENDMENT.

ISSUE II. MOVANT'S SENTENCE WAS RENDERED IN VIOLATION OF HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE AS-SISTANCE OF COUNSEL FOR FAILURE TO MAKE PROPER OBJECTIONS TO ENHANCEMENTS AND EVIDENCE ENTER-ED IN VIOLATION OF HIS FIFTH AMENDMENT RIGHT TO DUE PROCESS.

ISSUE III. MOVANT'S APPEALATE COUNSEL WAS INEFFECTIVE IN VIOLATION OF HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL ON DIRECT APP-EAL.

## Statement of the case

On 7-20-06 Movant was arrested for "Possession of a firearm by a felon" 18 U.S.C.922(g)(1) and was placed into custody;

On 10-17-06 Movant plead guilty in "open court" whithout the priveledge of a stipulated plea agreement where he stated "I am guilty of knowing a firearm was present in the vehicle" and faced a statutory minnimum-maximum penalty of 0-10 years of imprisonment;

On 1-26-07 Movant was sentenced for the said crime of "Felon in possession of a firearm by a felon" 18 U.S.C.922 (g)(1) which carries a term of imprisonment of 0-10 years and a base offense level of 24 in the U.S.S.G.'s.

The Government presented their case and treated the Court to a recessitation of evidence they saw "relevant" to the instant offense citting: The Government had a Title III **Wire tap** and was interdicting into an "ongoing investigation" against the movant and his co-defendants.

Without an objection from movant's defense counsel the Government introduced evidence in a sentencing for a "Possession of a firearm by a felon" from said "Wire tap" that related to a alleged plot to a "Home invasion" that was alleg-edly spoken about by movant and co-defendants.

The Court then "Upward departed" from the base offense level 24 to a **4 point additur** to level 28 and imposed a sentence of **96 months.**

ISSUE I.MOVANT'S CONVICTION "FELON IN
POSSESSION OF A FIRE ARM" 18
U.S.C.922(g)(1) WAS OBTAINED
IN VIOLATION OF THE SECOND
AMENDMENT.

### Legal Argument

Movant asserts that his conviction (FELON IN POSSESSION
OF A FIRE ARM 18 U.S.C.922(g)(1) ) is in direct violation of
the Second Amendment in the U.S.Constitution,which is etched
in stone and should be read litteraly:

### ARTICLE II OF THE U.S.CONSTITUTION:

"A well regulated militia,being necessary to the
security of a free State,the right of the people
to keep and bear Arms,shall not be infringed."

### 18 U.S.C.922(g)(1)

"it shall be unlawfull for any person who has
been convicted in any court of,a crime punni-
shable by imprisonment for a term exceeding
one year;

In the area of criminal law,federal crimes are soley
creatures of statutes,Dowling V. United States,473 U.S. 207,
213 (1985); however congress' power to declair an "act" a
crime ultimately must be grounded in some provision of the
U.S.Constitution,United States V. Fox,94 U.S.670 (1878).
The statute the Movant is charged,plead guilty to,and conv-
icted of would "as applied" clearly exceed the scope of
congress' enumerated power,thereby upsetting the delicate
federal balance embodied in the U.S.Constitution.

Clearly the law is not changing,but rather the law has
been subverted and used for what appears to be purposes of
"policy" in open and blatent violation of the U.S.Constitut-
ion,Specificly ARTICLE II,State Constitutions,and unalienable
rights. When violated would leave the statute "void ab initio"
as well stated in 16 AM Jur 2d Section 256:

"The general rule is that an unconstitutional statite
weather federal or State,though having the form of
law,is in reality no law but is wholly void,and in-
effective for any purpose,since the unconstitution-
ality dates from the time of it's enactment,and not
merely from the date of the decision so branding it,

Continued from page two

> ...an unconstitutional law,in legal contemplation
> is as inoperative as if it has never been passed
> Such statute leaves the question that it purports
> to settle just as it would be had the statute not
> been enacted.
> No repel of such an enactment is necessary.
> Such an unconstitutional law is void,the general
> principals follows that it imposes no duties,conf-
> ers no rights,creates no office,bestows no power
> or authority on anyone,affords no protection,and
> justifies no acts performed under it... noone is
> bound to obey an unconstitutional law and no cou-
> rts are bound to enforce it.

Movant did in fact plead guilty to "FELON IN POSSESSION OF A FIRE ARM"  18 U.S.C.922(g)(1) which has a "ACTUS REUS" element of "Possessing" not any "use" of such,and is a crime in violation of the U.S.Constitution.

Brady V. United States,397 U.S. 742,748,90 S.Ct.1469,25 L.Ed.2d 749 (1970) "a general maxim of constitutional law provides that "waivers of constitutional rights not only must be voluntary but must be knowing intelligent acts done with sufficiant awarness of the relevant circumstances and likley consequences Id.

Movant had a constitutional right to keep and bear Arms (POSSESS) therefore he could'nt posssibly waive a garunteed right to do so,therefore his conviction of "Felon in posses- sion of a fire Arm 18 U.S.C.922(g)(1)" violates the Second Amendment in the U.S.Constitution and his conviction should be vacated and dismissed immediately.

3.

<u>ISSUE</u> II.MOVANT'S COUNSEL WAS INEFFECTIVE
FOR FAILURE TO OBJECT TO ERRONEUS
ENHANCEMENT IMPLIMENTED AT SENT-
ENCING WHICH WAS A VIOLATION OF
HIS FIFTH AMENDMENT RIGHT TO DUE
PROCESS.

### Discusion

Movant does not dispute the fact that he did plead gui-
lty to the :Possession of a fire arm by a felon" 18 U.S.C.
922(g)(1) which is a crime in violation of the Second Amend-
ment "The right of the people to keep and bear Arms".
A crime that did at the time carry a statutory minnimum-max
0-10 years imprisonment and is statutorily subject to that
range at the discretion of the Court taking into considerat-
ion factors set forth in 3553(a),and is not bound by any ma-
ndatory guidline.

Possession of a fire arm by a felon 922(g)(1) unlike
other cases of 924 (c),conspiracies,and Racketeering related
offenses which are continuing crimes,involving relevant con-
duct,"mere possession" would be a case of where or when and
has a "ACTUS REUS" element which is controlled in the "act"
of possessing.

Any evidence of relevant conduct other than this "ACTUS
REUS" element would obviously require other substantive off-
enses that of which were not charged by a grand jury and pr-
esented in the indictment following the "Due process" that
the **Fifth Amendment Garuntees**.

For the movant to plead guilty to a crime that is in
violation of the Second Amendment "Possession of a fire arm
by a felon" only to have at sentencing the Government enter
into evidence to the Court,evidence of another crime ie.(Ho-
me invasion) a crime that was not charged by the Grand Jury
would undermine the Due process that the **Fifth Amendment
Garuntees** to individuals in all criminal prosecutions and
deprive the individual that very right and defense counsel
should have saw a "Red light" and at the very least objec-
ted.

4.

Continued from page four

Movant asserts that his sentence was rendered in vio-
lation of his Sixth Amendment Rights to the effective ass-
istence of counsel and Fifth Amendment rights for failure
of his Attorney to raise any and all of movant's unalienable
Constitutional Rights that he has taken an oath to uphold.

For failure to object to the 4 Point additure that the
Court erroneously implimented (For an alledged Home invasion)
where the court specificly stated on Pg.23 in the sentencing
transcript: 1. in light of everything that has been said here
2.it seams to me that the nature and circumstances of this
offense
3.are essentialy aggravated over what typically comes before
4.me for a crime of possession of a fire arm
5.in a typical case the firearm is'nt at the time
6.being used or about to be used to commit a crime,it is
7.someone who has been convicted of a felony who then posses
8.the firearm unlawfully.


This (use ie.Home Invasion AKA Relevant conduct) was not
charged by the Grand Jury and submitted in an indictment
and is a violation of the **Fifth Amendment.**

Notwidthstanding the fact that the Honorable Judge Joan
Leftkow who presided over the case was in fact a victim of
similar conduct in her private life (Home Invasion) counsel
should have moved the Court for a change of venue due to the
bias and prejudice it would and did have against the movant
prejudiced him greatly and would also hindered his fair and
due process rights garunteed by the **Fifth Amendment.**

At sentencing at no time did thecourt address 3553(a)
making the sentencing Guidlines advisory and stated specifi-
cly several times throughout the hearing on Pgs.3,12,23,and
24 that she would "Have to make a guidline calculation" and
sentence movant to such calculating a Base offense level of
25 plus a 4 point additure for relevant conduct =29 minus
3 points for acceptance of responsibillity ending in an off-
ence level 26,84-105 **months** sentencing **him** to 96 months.

5.

## Legal argument

The Sixth Amendment garuntees the right to the effective
assistance of counsel in criminal prosecutions See.McMann-
V. Richardson,397 U.S. 759,771 n. 14 (1970).
In Strickland V. Washington,466 U.S. 668,687 (1984),the Sup-
reme Court established a two prong test to evaluate ineffect-
ive assistance of counsel claims to obtain the reversal of
conviction,the defendant must prove;(1) the counsels perfor-
mance fell below an objective standard of reasonableness St-
rickland.466.U.S. at 687-88 and (2) that counsels deficiant
performance prejudiced the defendant,resulting in a unreliable
or fundamentaly unfair outcome in the proceedings,Strickland
U.S. at 687.

U.S.C.S.Amend 5,n.771 ,under our vaunted legal system,
no man,however bad his behavior,may be convicted of a crime
which he was not charged,proven,and found guilty in accordance
with due process. Parr V. United States,(1960) 363 U.S. 370,
4 L.Ed. 2d 1277,80 S.Ct. 1171.

The fifth Amendment garunteed the Movant the right to be
tried,sentenced,and convicted,for only those offenses presented
in an indictment,returned by a Grand Jury,indictments may not
be substantially Amended See. Stirone V. United States,361 U.S.
212,217-19 4 L.Ed.2d 252,80 S.Ct. 270 (1960) See also.United-
States V. Pigeee,197 F.3d 879,887 (7th Cir 1999),and United-
States V. Ramirez,182 F.3d 544,546 (7th Cir 1999).

### Performance prong of Strickland

Counsel had a duty to uphold the Constitution and to
assure that said rights of his client were protected.
Notwidthstanding the fact that the Second Amendment clearly
states "the right of the people to keep and bear arms shall not
be infringed", counsel should have protected such rights by ob-
jecting to the charges against the movant long before a plea of
guilty he did not,and on went the violation of his unalienable
rights to a guilty plea to a "specific charge" that was hande-
d down by the Grand Jury (Felon in possession of a firearm).
If At the sentencing hearing the Government then introduced
evidence  of anything other than the "Possession of a firearm-

6.

Continued from page six

.... the attorney in his sound mind and duty to protect his
clients unalienable rights,and uphold the provisions set fo-
rth in the U.S.Constitution should have objected to any such
evidence for it violated the due process clause the **Fifth
Amendment Garuntees** to all criminal prosecutions.
The fact that the defendant should be presented with any and
all facts that would be used against him and,should only be
sentenced "soley" to those very facts that were in his indict-
ment handed down by the Grand Jury (Felon in possession of -
a firearm 18 U.S.C.922(g)(1) ).
    Also in light of the fact that the Honorable Mrs.Joan
Leftkow was in fact a victim of the kind of activity that was
alledged against the movant was the evidence introduced pur-
suant to the violation of the constitutional right counsel
should have objected and moved the Court for a change of venue
so that the accused (movant) could have his "fair" process in
the action taken against him.

### Prejudice prong of Strickland
    In light of the fact the court was bias against the
Movant and,was greatly prejudicial,it did not give it's deter-
manation pursuant to the factors set forth in 3553(a) but only
to a "mandatory Guidlines scheme" See sentencing Transcript
pgs.3,12,23,and 24. It did let the Government introduce evi-
dence to prove guilt of a crime other than the crime handed
down by the Grand Jury and upward departed from the base off-
ense level 24 based soley on the evidence of a crime not
charged. (See S.Tr.        )
    The movant was subject to the Governments "throwing gas-
oline on a already burning fire" and subjecting the movant to
great prejudicial error by way of a 4 point additur which the
Court did in fact Constructively Amend the indictment handed
down by the Grand Jury resulting in a **2 yr. additur** to his
sentence without any objection from an attorney who is an
officer of the court and has a duty to uphold the **U.S.Const-
itution** in any context and protect his client from such pre-
judice.

Continued from page seven

For the prejudice suffered by the movant pursuant to
erroneus representation of counsel the movant's sentences
should be vacated,corrected,or set asside.

<u>ISSUE</u> III.MOVANT'S APPEALATE COUNSEL
WAS INEFFECTIVE IN VIOLAT-
ION OF HIS SIXTH AMENDMENT
RIGHT TO THE EFFECTIVE AS-
STANCE OF COUNSEL ON DIREC
T APPEAL.

## Discusion

Movant seeks to incorporat ground III along with ground
I,and II and sets forth his **Claims** as follows:
Durring a prejudicial sentencing hearing after evidence was
entered in violation of the movant's fifth Amendment rights
the Court did not cite it's rullings based on a 3553(a) **Post
Booker Rule**,but instead based it's rullings soley on the
U.S.S.G's and upward departed based upon a preponderance of
the evidence (See S.Tr.3,12,23,and 24).

The Court took into evidence in violation of the **Fifth
Amendment** rights and upward departed a "4 point additur" to
his base offense level impermissively and constructively
amending the indictment handed down by the Grand Jury.

The sentence thus prejudiced the movant and denied him
the right to a fair proceeding and due process on a "adviso-
ry" sentencing Guidline scheme.See <u>United States V. Booker</u>,
543,U.S. 220 (2005);also <u>United States V. Hicks</u>,472,F.3d 1167,
1170 (9th Cir 2007) "Booker makes it clear the Guidlines are
no longer mandatory in any context;and that it provides a co-
nstitutional statndard which courts may not ignor by treating
"guidlines" as mandatory in any context.Thus policy statements
are inconsistant with **Booker** that requiring guidlines as man-
datory must give way.

## Performance prong of Strickland

Movant asserts that he plead guilty to "Felon in possess-
ion of a firearm by a felon 18 U.S.C.922(g)(1) a crime that
is in direct violation of the **Second Amendment** and it,like
all other crimes has an "ACTUS REUS ELEMENT" of the mere
"possession". If the Government had evidence and wanted to
charge him with another crime which they did not,the let the
indictment reflect,which it does not.
Instead it alledges a crime in direct violation of the Second
**Amendment**.

Continued from page nine

The Court erroneously entered into evidence "phone calls"
and evidence of other crimes ie."Home invasion" treating a
bias Court to prejudicial evidence his Attorney should of at
the very least objected which he did not.

On Direct Appeal had attorney done "basic legal research"
of relevant Supreme Court case laws he would have seen the
need to raise these issues on Direct Appeal.
Not only does he not raise the movant's issues,but he files
a Ander's Brief unbeknownst to the movant and "white washes"
his appealate rights.Which he expressly assured movant he
would **(See Exhibits A-B)**

### Prejudice prong of Strickland

Movant is in "privity" with said Attorney on Direct
Appeal and speaks "by and through" him to the Courts.For
failure to raise any and all of movant's appealate issues wh-
ich he obviously had he thus "waived" such issues.Not only does
appealate counsel waive the issues he filed a motion pursuant
to **Anders V. California**,386 U.S. 738,18 L.Ed.2d 493,875 S.Ct.
1396 (1967).

"Claims of ineffective assistance of counsel are generally
limited to collateral review and ordinarily will not be con-
sidered on Direct Appeal See **United States V. Gambino**,788 F.
2d 938,950 (3rd Cir. 1986) There is a narrow exception to this
rule  when the defendant raises an objection at trial or when
the record clearly reflects the grounds for the ineffective
assistance claim.See **United States V. Gwiazdzinski**,141 F.3d
784,789 (7th Cir. 1998)

It is obvious that when a Amendment is clearly violated
in the proceeding which is commonly practiced by the Govern-
ment that it is the duty of defense counsel to defend the
clients whom they are signed on to defend.
If they do not it clearly establishes that very ineffective-
ness that the Sixth Amendment garuntees

movant asserts that he has the right to the effective
assistance of counsel on direct appeal as he does for trial
and pre-trial litigation and sentencing. **Strickland V. Washi-
ngton**,466 U.S. 668.

Continued from page ten

Movant asserts that Amendment of an indictment is reversable error per se,since amendment "usurps" constitutionally garunteed role of the Grand Jury See.<u>United States V. Koen</u>-31 F.3d 711 (8th Cir. 1994) in this case vacation of movant's sentence is required instead of reversal of conviction because indictment was not amended until after the guilty plea which movant expressly waived his right to a Jury trial and only affected his sentencing.

The movant was entitled to be sentenced only for the crime charged by the Grand Jury in the indictment.See **<u>Kincad-e V. Sparkman</u>**,175 F.3d 444 (6th Cir.1999).

For failure of Appealate counsel to raise any and all issues that were clearly of the record movant's sentences should be vacated,set asside,or corrected.

## Relief requested

Based upon the evidence clearly established in this motion that the Conviction and sentences were handed down pursuant to violations of the **U.S.Constitution**,and movant's unalienable rights movant's convictions should be over turned and/or sentences vacated and remanded for a re-sentencing.

In light of the "Open guilty plea" movant has entered into in open court to a charge of "Felon in possession of a firearm" (18 U.S.C.922(g)(1) a crime that does in fact violate the **Second Amendment**,the movant does respectfuly request this Honorable court to hold him liable only for the "Crime" that he was charged for by the Grand Jury. Taking into consideration which the court did not factors set forth in 3553(a) that the U.S.S.G's are now under **Booker** "advisory" a relevant base offense level is 24. Given the fact that the movant did plead guilty in an expidiate mannor and recieved a 3 level downward departure should then be adjusted to **Level 21**. Given the fact that as of Nov. 1st 2007 the U.S.S.C. made amendments to the Criminal History calculations set forth in **4A1.1/4A1.2 of the U.S.S.G.'s** in **Amendment No.709** the court calculated a Criminal History calculation of **8 pts**. Since he was in fact given **2 pts**. under 4A1.1(c) on page 6 of the pre-sentence report on 5-31-01 **movant** was found guilty of "theift" in case No.01-1218041 in Cook county,IL and recieved 12 months supervision supervision was discharged. And case No. 01-1288067 on 11-06-01 he should now have the priveledge of being relievd of 2pts which would lower his Criminal History category to II1 resulting in a base offense level 21 **Criminal History Category III. 46-57 months.**

## Conclusion

For the reasons stated herein movant's sentence and conviction should be vacated,corrected,or set asside or adjust the already implimented ledger to read as cited Base offense level 21 Criminal History III,46-57 months respectively.

Respectfully submitted,

Movant
ARIS SANTIAGO
18854-424
USP MARION

## CERTIFICATE OF SERVICE

I certify,that I did,on this day _11_ day of _4_ 2008 Mail a true,
Correct,and complete copy of movant's **28 U.S.C.Section** 2255
Motion and Breif to the Respondant by placing it in the U.S.
mail,Postage pre-paid,and addressed as follows:

**AUSA JULIE PETERS PEKRON**
**219 South Dearborn**
**U.S.Courthouse-5th floor**
**Chicago,IL. 60604**

Movant
**ARIS SANTIAGO**
**18854-424**
**USP MARION**
**P.O.BOX 1000**
**Marion,IL.62959**

Exhibit A

*Paul Camarena*
*Attorney-at-Law*
*Admitted to Practice Before the U.S.Dist.Ct.N.Dist.IL., the U.S.Ct.App.7th.Cir., and in NY*
*333 W. North, No. 150*
*Chicago, IL 60610*
*PaulCamarena@PaulCamarena.Com*
*(312) 493-7494*
*(312) 602-4945 (facsimile)*

February 10, 2007

MANUEL ARIS SANTIAGO
REGISTER NUMBER 18854-424
MCC CHICAGO
METROPOLITAN CORRECTIONAL CENTER
71 WEST VAN BUREN STREET
CHICAGO, IL 60605

  **RE:**   *United States of America v. Santiago* **Appeal**

Aris,

I have filed your Notice of Appeal with the District Court. I have also ordered the transcripts of the court proceedings in your case, including the January 26, 2007 Sentencing Hearing.

As I explained earlier, an appeal usually involves writing a brief where you tell the Court of Appeals that the District Court judge (Judge Lefkow) made some error, and you ask the Court of Appeals to correct that error. This brief will be due in 40 days. Usually, after the defense files their brief, the Prosecutor gets 30 days to file their response, and then the defense gets another two weeks to file their reply to the Prosecutor's response.

Finally, the Court of Appeals listens to Oral Arguments and then makes a decision. The Court of Appeals has not yet set a date for Oral Arguments.

Someone may have told you that you have to file the appeal brief within 30 days. This is absolutely not true. You have to file a "Notice of Appeal" within 10 days after the Sentencing Order is entered, and I did that on time. Then you have to file the appeal brief within 40 days (unless there is a continuance), and I will file this appeal brief on time too.

When I get the transcripts of the court dates, including the January 26, 2007 Sentencing Hearing, I will give copies to you. Also, I will communicate with you next week.

Paul Camarena

*Paul Camarena*
*Attorney-at-Law*
*Admitted to Practice Before the U.S.Dist.Ct.N.Dist.IL., the U.S.Ct.App.7th.Cir., and in NY*
*333 W. North, No. 150*
*Chicago, IL 60610*
*PaulCamarena@PaulCamarena.Com*
*(312) 493-7494*
*(312) 602-4945 (facsimile)*

March 26, 2007

MANUEL ARIS SANTIAGO
18854-424
USP TERRE HAUTE
U.S. PENITENTIARY
P.O. BOX 12015
TERRE HAUTE, IN  47801

### RE:    Appeal before the Court of Appeals for the Seventh Circuit

Aris,

I want to let you know the status of your appeal.

I have always said that I need the court transcripts in order to do your appeal.

However, the court reporter told me that she would not finish the transcripts until Friday March 23, 2007.

But your appeal was originally due on Monday March 26, 2007.

Because I would need more than one weekend to write the appeal, last week, I told the Court of Appeals that I did not have the transcripts and asked for more time to turn in the appeal.

The Court of Appeals agreed and set the new due date as April 25, 2007.

Also, the court reporter has told me that she now has finished the transcripts.  So I will write your appeal by the new due date, April 25, 2007.

/s/Paul Camarena
Paul Camarena

**FILED**

08CV2236

**JUDGE LEFKOW**

**MAG. JUDGE VALDEZ**

STATE OF ILLINOIS

COUNTY OF WILLIAMSON )

APR 1 8 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

APR.1 8 2008

---

AFFIDAVIT OF TRUTH OF Aris Santiago
IN SUPPORT OF
28 U.S.C. Section 2255

---

"Indeed,no more that (AFFIDAVIT) is necessary to make a Prima facie case,"(United States V. Kis,658 F.2d 526,536 (7th Cir. 1981) .cert denied 50 U.S.L.W. 2169 S.Ct. 3/22/82)

I,Aris Santiago,the undersigned do hereby say and affirm under the pains and penalties of purjury of the laws of the United States;

1.I am a flesh and blood human being with strong spiritual beliefs and do hereby Claim under the original jurisdiction and the U.S.Constitution of 1789 AD;

2.Am of lawful age and,otherwise competent to make these Claims and affidavit;

3.I was denied the effective assistance of counsel in the action taken against me in case No.06-CR-519-01,which was a violation of my Sixth Amendment Rights;

4.I was denied the effective assistance of counsel on Direct Appeal in case No. 07-1304 which was a violation of my Sixth Amendment Rights;

5.My conviction of "Felon of possession of a firearm was rendered against me in violation of my Second Amendment Right to Keep and bear Arms;

6.That my Fifth Amendment Right to be presented with the crimes alleged against me on an indictment for due process was violated;

7.I did not knowingly and intentionaly plead guilty to anything other than "Possessing a firearm" that of which is my unalienable right to possess.

8.The Government exceeded it's limmitation's set forth in the Second Amendment by charging me in Case No.06-CR-519-01, "Felon in possession of a firearm";

Continued from page one

9. The Government exceeded it's limmitation's set forth in the Fifth Amendment, by way of sentencing me for a crime that was not Charged in an indictment presented by the Grand Jury for due process;

10 The Court exceeded it's limmitation's set forth by the Fifth Amendment, for accepting into evidence and, sentencing me to such evidence of a crime not charged in an indictment and presented to a Grand Jury for due process;

> NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT
> NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL
> EXODUS 20:15,16
> FURTHER AFFIANT SAYETH NAUGHT
>
> Dated 4-07-08

Official Seal
Malissa J Lewis
Notary Public State of Illinois
My Commission Expires 09/24/2011

WITNESS My hand this 7th day of April

/s/

ARIS SANTIAGO SUI JURIS

STATE OF ILLINOIS )
) :ss
COUNTY OF WILLIAMSON )

On this 7th day of Apr, 2008 before me, the undersigned Notary Public, in and for the State of ILLINOIS, appeared Aris Santiago (1) personally knowing to me or (2) proved to me on the basis of satisfactory evidence, to be the person who's signature appears within the instrument and aknowledged to me that he executed it.