IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARIS SANTIAGO, ) | |
| ) | |
| Petitioner, ) | |
| ) | 08-CV-2236 |
| v. ) | |
| ) | Judge Joan H. Lefkow |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Aris Santiago ("Santiago"), who is currently incarcerated at the United States Penitentiary in Marion, Illinois, has filed a *pro se* petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. His claims are based on the alleged violation of his the Second and Sixth Amendment rights. Santiago asserts three grounds for relief: (1) his felon-in-possession conviction under 18 U.S.C. § 922(g)[1] violates his right to possess firearms; (2) he received ineffective assistance of counsel at sentencing because his attorney failed to object to a four level enhancement under USSG § 2K2.1(b)(6);[2] and (3) he received ineffective assistance of counsel

---

[1] § 922(g)(1) of the United States Code provides, in relevant part,

> It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

[2] § 2K2.1(b)(6) of the Sentencing Guidelines provide, in relevant part,

> If the defendant used or possessed any firearm or ammunition in connection with another

(continued...)

1

on direct appeal because his attorney moved to withdraw under *Anders* v. *California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967),[3] failing to raise either the Second Amendment or sentencing enhancement issue. For the reasons stated below, Santiago's petition is denied.

## RELEVANT FACTS

Santiago was convicted of aggravated vehicular hijacking, a felony, in July 2002 and sentenced to seven years' imprisonment. He was released from parole in October 2004. In May 2006, Santiago was arrested in connection with an investigation in which police, pursuant to a Title III wire tap, intercepted a telephone conversation between Santiago and Adam Alicea, a fellow member of the Maniac Latin Disciples. In that conversation, Santiago is heard planning a home invasion and armed robbery of a certain individual. *See* Transcript of May 1, 2006 Telephone Conversation (hereinafter "Telephone Conversation Tr."). During the call, Santiago suggests following the individual or his girlfriend home, *id.* 5:16-33, putting a gun to his or her head to force him or her into the house, *id.* 3:32-4:4, tying him or her up, *id.* 8:25-9:5 and robbing the house of all valuables, *id.* 6:7-7:31. Two days later, Santiago and his co-defendant, Edward Rivera, were stopped by police on their way to commit the home invasion and armed

---

(...continued)
       felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels. If the resulting offense level is less than level 18, increase to level 18.

USSG § 2K2.1(b)(6).

[3] In *Anders* v. *California*, the Supreme Court ruled that "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should advise the court and request permission to withdraw." 386 U.S. 738, 744 (1967).

robbery discussed during the intercepted call. Upon searching the car, the police found a loaded firearm.

Santiago was indicted on August 16, 2006 and charged with one count of possessing a firearm as prohibited by 18 U.S.C. § 922(g)(1). He was not charged with home invasion or armed robbery. On October 17, 2006, Santiago pleaded guilty to the felon-in-possession charges. In its Presentence Investigation Report, the probation office recommended that Santiago's base offense level of 24 be increased by four levels in accordance with United States Sentencing Guidelines ("USSG") § 2K2.1(b)(6), because he possessed the firearm in connection with the planned unexecuted home invasion and armed robbery. Initially, there was some dispute as to whether the enhancement would apply because Santiago had not been charged with those crimes. The government intended to introduce the recorded telephone conversation at the sentencing hearing in support of its argument that the enhancement should apply. At the sentencing hearing on January 26, 2007, however, Santiago's counsel represented that he and his client had conferred and had decided not to contest the application of the enhancement:

> [SANTIAGO'S COUNSEL]: . . . . [O]riginally we had anticipated that we would dispute the additional 4 point enhancement for relevant conduct. . . . But I spoke to Mr. Santiago about this, I spoke to him about the benefits of challenging relevant conduct, and I also explained to him the risk of challenging this relevant conduct. He consulted with his family and we decided because he wants to avoid the risk of being away from his family any longer than he has to that he will not concede – we are conceding the he is subject to the 4 point enhancement.
>
> THE COURT: This would be the [§]2k2.1(b)(6) enhancement, is that right, on Page 4, Line 125, and following?
>
> [SANTIAGO'S COUNSEL]: Yes, your honor.

3

> THE COURT: Okay. Does that obviate the need to listen to the tape?
>
> [THE GOVERNMENT]: Yes, your honor. It is my understanding that the defendant has decided not to contest it. Now, whether that is because he fears losing acceptance of responsibility – I mean, if he wants to contest it the government can show the evidence what would show that the enhancement is appropriate in this case.

Sentencing Hr'g Tr. 9:23-10:23.[4] Later on in the hearing, when asked if he would like to make a statement to the court before it imposed a sentence, Santiago requested to confer with his attorney. After he was given the opportunity to do so, he stated:

> THE DEFENDANT: . . . . First of all, I want to say I am sorry to my family because I know they are – you know, like she said, I know they are taking it harder than I am, you know?[5] And I really in the beginning, like my lawyer said, wanted to go a different route with this, I really did, but I talked with my family and I needed closure, so this is where I am at right now.

Sentencing Hr'g Tr. 20:18-24.

Based on the parties' representations that they were in agreement on the USSG § 2K2.1(b)(6) issue, the court increased Santiago's offense level from 24 to 28. After a three-level

---

[4] Later in the proceeding, Santiago's counsel also made the following statements:

> [SANTIAGO'S COUNSEL]: Your honor, as I mentioned earlier, the defense is not contending – contesting the 4 point enhancement.

Sentencing Hr'g Tr. 18:18-20.

> [SANTIAGO'S COUNSEL]: Your honor, we are not contending [*sic*]the 4 point enhancement. The PSI grants a 4 point enhancement for home invasion.

Sentencing Hr'g Tr. 19:6-8.

[5] Earlier in the proceedings, counsel for the government had stated:

> [T]he government reviewed the submissions today, the letters by his family, and it is heart breaking because it is always the families who suffer in these situations.

Sentencing Hr'g Tr. 14:12-15.

4

deduction under USSG § 3E1.1 for acceptance of responsibility, Santiago's offense level was 25, with a corresponding guidelines range of 84 to 105 months imprisonment. Taking into consideration his youth, his family life, and his desire to reform, this court sentenced Santiago to 96 months imprisonment.[6]

On appeal, Santiago's trial counsel moved to withdraw pursuant to *Anders*, arguing that he could not discern a non-frivolous basis for appeal. On October 11, 2007, the Seventh Circuit granted the motion to withdraw and dismissed the appeal finding that all of the arguments Santiago and his trial counsel considered raising on appeal were frivolous. *See United States* v. *Santiago*, 250 Fed. Appx. 736 (7th Cir. 2007). Santiago filed his § 2255 petition on April 18, 2008.

## ANALYSIS

**I.    Santiago's Second Amendment Claim (Ground I).**

Santiago raises for the first time in his petition the argument that his felon-in-possession conviction violates his Second Amendment right to bear arms. A defendant who fails to raise an issue at trial or on direct appeal "may not proffer it as a ground for collateral attack unless he demonstrates (1) good cause for failing to raise the error and (2) that the alleged error was actually prejudicial." *Wright* v. *United States*, 139 F.3d 551, 552 (7th Cir. 1998) (citations omitted) (internal quotation marks omitted). The court need not decide whether Santiago had good cause under *Wright* for failing to raise this issue at sentencing, because the argument is frivolous, and therefore the omission was not prejudicial.

---

[6] The government had argued for a sentence at the high end of the guidelines. *See* Sentencing Hr'g Tr. 18:15-16.

Restrictions on the possession of firearms by felons do not violate their Second Amendment rights. *Dist. of Columbia* v. *Heller*, __ U.S.__, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008). In *Heller*, which held that the District of Columbia's ban on handgun possession in the home violated the Second Amendment, the Supreme Court emphasized that the Second Amendment does not afford a right "to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose," *id*. at 2816, and clarified that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id*. at 2816-17. Consistent with these statements, the Seventh Circuit has repeatedly ruled that prohibitions on the possession of firearms by felons is constitutional. *United States* v. *Price*, 328 F.3d 958, 961 (7th Cir. 2003) ("A basic problem with [the defendant's] argument is that we have previously found [the felon-in-possession statute] to be constitutional." (collecting cases)); *see also, United States* v. *Lawton*, 366 F.3d 550, 554 (7th Cir. 2004) ("Even if we assume for the sake of argument that Second Amendment embraces an individual's right to bear arms – a proposition that this court has rejected – there can be little doubt about the government's authority to regulate the interstate trade in firearms." (citations omitted)).

**II.     Santiago's Ineffective Assistance Claims (Grounds II and III).**

Santiago argues that he received ineffective assistance of counsel at his sentencing hearing because his attorney failed to object to the four level enhancement under USSG § 2K2.1(b)(6) on the basis that Santiago was not charged with home invasion and armed robbery. To prevail on a claim of ineffective assistance of counsel, the petitioner must show (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the

6

proceeding would have been different." *Strickland* v. *Washington*, 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner "bears a heavy burden in establishing an ineffective assistance of counsel claim," *United States* v. *Trevino*, 60 F.3d 333, 338 (7th Cir. 1995), particularly since the *Strickland* test "is highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States* v. *Williams*, 106 F.3d 1362, 1367 (7th Cir. 1997) (internal quotation marks omitted).

To satisfy the performance prong of the *Strickland* test, the petitioner must direct the court to specific acts or omissions of his counsel. *Fountain* v. *United States*, 211 F.3d 429, 434 (7th Cir. 2000) (citing *Trevino*, 60 F.3d at 338). The court must then consider whether, in light of all of the circumstances, counsel's performance was outside the range of professionally competent assistance. *Id*. To establish under the prejudice prong the reasonable probability that the outcome would have been different, the petitioner must show "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. A court need not address both prongs of the *Strickland* test if one provides the answer; that is, if a court determines that the alleged deficiency did not prejudice the defendant, the court need not consider the first prong. *United States* v. *Fudge*, 325 F.3d 910, 924 (7th Cir. 2003) (citing *Matheney* v. *Anderson*, 253 F.3d 1025, 1042 (7th Cir. 2001)).

Santiago's ineffective assistance claim fails to withstand either the prejudice or performance prongs of the *Strickland* test. The sentencing transcript makes clear – through both Santiago's attorney's and his own statements – that they discussed the possibility of disputing the § 2K2.1(b)(6) enhancement but decided not to. Thus, Santiago cannot show prejudice since he conceded to the application of the enhancement he now contests. Moreover, it is not reasonably

7

probable that, had Santiago's attorney objected to the enhancement, the outcome of the sentencing hearing would have been different. The language of § 2K2.1(b)(6) contemplates its application even if the firearm is not actually used in connection with a felony so long as it is "possessed or transferred . . . with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." USSG § 2K2.1(b)(6). Where the defendant challenges the application of a § 2K2.1(b)(6) enhancement, the government bears the burden of proving by a preponderance of the evidence that the enhancement applies. *See United States* v. *Wagner,* 467 F.3d 1085, 1089 (7th Cir. 2006). Santiago described, in explicit detail, his plans to commit the home invasion and armed robbery during the May 1, 2006 recorded conversation, which the government planned to introduce if Santiago protested the § 2K2.1(b)(6) enhancement. Thus, had Santiago objected to the enhancement, it is likely that the government would have been able to prove, by a preponderance of the evidence, that Santiago transferred or possessed the firearm "with knowledge, intent, or reason to believe that it would be used or possessed in connection with" the home invasion and armed robbery.

Santiago also contends he received ineffective assistance on appeal when his attorney moved to withdraw, filed an *Anders* brief, and therefore failed to raise the sentencing enhancement or Second Amendment issues. Because the court has already determined that Santiago's Second Amendment claim is frivolous and non-prejudicial, and that he conceded to the application of the § 2K2.1(b)(6) enhancement, his attorney's failure to raise either issue on appeal does not constitute ineffective assistance of counsel under *Strickland.* Accordingly, both of Santiago's ineffective assistance claims fail.[7]

---

[7] Santiago also argues that he received ineffective assistance of counsel because his attorney failed to
(continued...)

**CONCLUSION AND ORDER**

For the foregoing reasons, Santiago's § 2255 petition to vacate, set aside, or correct his sentence is denied.

Dated: November 12, 2009　　　　　Enter: _____
　　　　　　　　　　　　　　　　　　　JOAN HUMPHREY LEFKOW
　　　　　　　　　　　　　　　　　　　United States District Judge

---

(...continued)
request a substitution of judge on the basis that she was likely to be personally biased in cases involving home invasions. Mem. at 5. This claim fails because counsel's decision not to raise such an argument must be interpreted as a reasonable and professional decision given that any such argument would have been, at best, unsubstantiated and speculative. Moreover, Santiago has not and cannot show that he was prejudiced by his counsel's alleged failure because after hearing § 3553(a) evidence that Santiago was a high-ranking gang member and danger to the community, the court imposed a sentence of 96 months of imprisonment, which was in the middle of the guidelines range and less than what the government requested.